# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN FINNEGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-517 |
| | ) | |
| v. | ) | Judge Fischer |
| | ) | Magistrate Judge Bissoon |
| CLAIRES STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Dismiss (Doc. 11) be granted to the extent the Complaint alleges claims of pregnancy discrimination.

### II. REPORT

Plaintiff Susan Finnegan claims her employment was terminated based on gender, pregnancy, sexual harassment, retaliation and age. *See generally* Compl. (Doc. 1) at Counts I-III. Defendant argues Plaintiff cannot state a *prima facie* case of pregnancy discrimination. *See* Def.'s Br. (Doc. 12) at 3-6.

In support of her pregnancy claim, Plaintiff alleges that she worked for Defendant from April 1989 until March 2003 and she voluntarily resigned to give birth to and care for her son. *See* Compl. at ¶¶ 7-8. She was rehired in July 2006, and terminated in December the same year. *Id.* at ¶¶ 10, 17.

Among other things, Plaintiff claims she advised Defendant upon her return to work that she was mother to a "challenged son," and management "incorrectly interpreted that to mean . . . Plaintiff would not be able to give her job the full effort she had previously given." *Id.* at ¶ 12.

She also seeks to compare herself to another employee of Defendant, who had taken maternity leave in 2006 and was not subsequently terminated. *See id.* at ¶¶ 11, 15-16.

To state a *prima facie* case of pregnancy discrimination, Plaintiff must show she was pregnant or "affected by pregnancy, childbirth, [or] related medical conditions." *See* Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 363-64, 365 (3d Cir. 2008) (citations and internal quotations omitted). Consistent with these standards, "the plaintiff must do more than show she was, past tense, pregnant"; there must be evidence or allegations that, "at the time of the adverse employment action, she had a medical condition related to either the pregnancy or childbirth." Kenney v. Ultradent Prods., Inc., 2007 WL 2264851, *5 (D. N.J. Aug. 6, 2007) (citations and internal quotations omitted). Simply being a new parent does not suffice. *Id.* (citation omitted); *see also, e.g.*, Solomen v. Redwood Advisory Co., 183 F. Supp.2d 748, 754 (E.D. Pa. Jan. 31, 2002) (mother who was terminated more than eleven months after childbirth failed to establish membership in protected class).

In this case, it is wholly undisputed that Plaintiff's employment relationship with Defendant was reestablished over three years after she gave birth and that she was not pregnant or affected by pregnancy, child birth or any related condition at the time of the adverse employment action. *See* discussion *supra*. Simply put, she is not eligible for protection under the pregnancy discrimination laws. For these reasons, the District Court should dismiss Plaintiff's pregnancy discrimination claims with prejudice.[1]

---

[1] Indeed, Plaintiff appears to abandon any claim of pregnancy discrimination in her responsive brief and, instead, argues that her claim of gender discrimination in Count I should not be dismissed. Defendant's motion seeks only to dismiss the pregnancy allegations that appear in Count I of the Complaint and the undersigned, therefore, offers no opinion regarding the other allegations in Count I or the allegations in the remaining counts of the Complaint.

2

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 12, 2008. Responses to objections are due by September 24, 2008.

August 26, 2008                                    s/Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States Magistrate Judge

cc (via email):

Neal A. Sanders, Esq.
Dirk D. Beuth, Esq.
Glenn A. Duhl, Esq.
Ryan M. Debski, Esq.